IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

NIUNIU JI,

                        Plaintiff,        CASE NO. 2010-44

v.

THE UNITED STATES VIRGIN
ISLANDS and THE VIRGIN
ISLANDS BUREAU OF INTERNAL
REVENUE,

                        Defendants.

## REPORT AND RECOMMENDATION AND ORDER

Before the Court is plaintiff's motion to amend the complaint to (1) assert claims for carryback refunds for tax years 2005 and 2007, (2) to substitute his actual 2009 Form 1040 for the estimated 2009 Form 1040, and (3) to correct typographical errors and to make stylistic changes.  For reasons explained below, it is recommended that plaintiff's motion to assert claims for carryback refunds for tax years 2005 and 2007, and plaintiff's request to substitute his actual 2009 Form 1040 for the estimated 2009 Form 1040 be denied. Plaintiff's motion to amend the complaint to correct typographical errors and to make stylistic changes will be granted.

### A.  RELEVANT FACTS

On May 12, 2010, plaintiff filed this action against the United States Virgin Islands and the Virgin Islands Bureau of Internal Revenue ("BIR") seeking refunds from overpayment of taxes

*Ji v. The United States Virgin Islands, et al.*
Civil No. 10-44
Page 2 of 9

for the 2008 and 2009 tax years, and alleging causes of action for unjust enrichment and conversion.

In October 2009, plaintiff filed with the BIR his 2008 Form 1040. In December 2009, he filed a 2005 Form 1045 Application for Tentative Refund, claiming a carryback refund for the tax year 2005 based on net operating losses incurred in 2008. On October 5, 2010, plaintiff filed a 2005 amended tax return on a Form 1040X[1], claiming a carryback refund for the tax year 2005 based on net operating losses incurred in the 2008 tax year.

In March 2010, plaintiff filed an estimated 2009 Form 1040. Also in March 2010, plaintiff filed a 2007 Form 1045 Application for Tentative Refund, claiming a carryback refund for the tax year 2007 based on net operating losses incurred in 2009. On October 5, 2010, plaintiff filed a 2007 amended tax return on a Form 1040X, claiming a carryback refund for the tax year 2007 based on net operating losses incurred in the 2009 tax year. Also on October 5, 2010, plaintiff filed his actual 2009 Form 1040 tax return.

### B. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be freely given when justice

---

[1] 26 CFR § 301.6402-3(a)(2) provides that an individual who claims an overpayment of taxes for which a Form 1040 or 1040A was filed, must file a claim for refund on a Form 1040X.

*Ji v. The United States Virgin Islands, et al.*
Civil No. 10-44
Page 3 of 9

so requires.[2] A motion to amend may be denied "if a plaintiff's delay in seeking the amendment is undue, motivated by bad faith, prejudicial to the opposing party, or where amendment would be futile."[3] "Futility" denotes that "the complaint, as amended, would fail to state a claim upon which relief may be granted."[4]

### C. DISCUSSION

#### 1. Amendment to Include the 2005 and 2007 Form 1040X Carryback Refund Claims

26 USC § 7422(a) provides, in pertinent part:

> No suit or proceeding shall be maintained in any court for recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, . . . until a claim for refund or credit has been duly filed with the Director.

Further, 26 CFR § 1.6411-1(b)(2) in pertinent part, provides that "[a]n application for a tentative carryback adjustment does not constitute a claim for credit or refund." Accordingly, plaintiff's filing of the 2005 and 2007 Form 1045s with the BIR do not constitute claims for refunds. As of May 12, 2010, when plaintiff filed his complaint, no claims for the 2005 and 2007 carryback

---

[2] Fed. R. Civ. P. 15 (a).

[3] *E. H. v. School District of Philadelphia*, 2009 U.S. Dist. LEXIS 118921, at *5 (E. D. Pa., Dec. 21, 2009) *(*citing *Foman v. Davis*, 371 U.S. 178 (1962))*.*

[4] *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citations omitted).

*Ji v. The United States Virgin Islands, et al.*
Civil No. 10-44
Page 4 of 9

refunds had been filed with the BIR. The 2005 and 2007 claims for carryback refunds were filed with the BIR on October 5, 2010. As such, under 26 USC § 7422(a), because plaintiff did not file the requisite claims for refunds with the BIR before commencing this action, the Court does not have jurisdiction of plaintiff's action for carryback refunds. Accordingly, it would be futile to allow the amendment.

Plaintiff asserts two arguments why the Court nonetheless has jurisdiction over plaintiff's proposed amendments for carryback refunds. First, plaintiff contends that the filing of an action for refund under 26 USC § 7422(a) and the subsequent filing of an amended complaint more than six months thereafter cures the jurisdictional defect. Plaintiff cites *Rolwing-Moxley Company v. United States*[5] for this proposition. In *Rolwing-Moxley,* plaintiff filed an action for refund, but had not filed claims for refunds with the Internal Revenue Service as required under 26 USC § 7422(a) before bringing the action. The *Rolwing-Moxley* court ruled that the jurisdictional defect had been "cured by the filing of claims under 26 USC § 7422(a) and by filing the first amended complaint."[6]

---

[5] 452 F. Supp. 385, 386-87 (E.D. Mo. 1978).

[6] *Id*. at 387.

*Ji v. The United States Virgin Islands, et al.*
Civil No. 10-44
Page 5 of 9

Alternatively, plaintiff contends that the claims for refunds based on the 2005 and 2007 1040X are separate and independent actions for refunds in compliance with § 6532(a)(1)[7] because they are being asserted in the proposed amended complaint for the first time more than six months after the forms were filed on October 5, 2010.

Plaintiff's first argument has already been rejected by this Court in *Redhead Management, Inc. v. The Unites States Virgin Islands, et al.*[8] The facts in *Redhead Management, Inc.*, are similar to the facts here. On May 24, 2010, Redhead Management filed (1) an amended income tax return on Form 1120X with the BIR for 2005, reflecting a 2007 net operating loss carryback, (2) an amended tax return on Form 1120X with the BIR for 2006, reflecting the carryback from 2007, and (3) an amended return on Form 1120X for

---

[7] 26 USC §6532(a)(1) provides:

> No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

[8] *Redhead Management, Inc. v. The United States Virgin Islands, et al.*, Civil No. 2010-55, Memorandum Opinion (D.V.I. filed March 31, 2011).

*Ji v. The United States Virgin Islands, et al.*
Civil No. 10-44
Page 6 of 9

2006, reflecting a 2008 net operating loss carryback. On May 31, 2010, Redhead Management filed an action for refund. On November 17, 2010, it moved to amend its complaint to correct a clerical error, changing the year from "2008" to "2006" in allegation no. 21. On December 1, 2010, the Court granted the unopposed motion to amend, and on the same date, Redhead Management filed its amended complaint.

On these facts, the District Court made the following comments:

> The Court notes that Redhead Management filed an amended complaint on December 1, 2010 – more than six months after Redhead Management filed its amended returns with the VIBIR. The court notes that other courts have found that amending a complaint may cure an action's defect of prematurity for 6532 purposes. . . . (citations omitted).
>
> It is axiomatic that "'[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.'" *Semulka v. Moschell*, 2010 WL 4672813, at * 1 (3d Cir. 2010)(quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). However, such an amendment does not begin an action or proceeding anew. The date that an action was commenced is unaffected by amendment under these circumstances. As such, the Court does not find that amendment of a complaint would cure the defect that a suit or proceeding under 7422, "began before the expiration of 6 months." 26 U.S.C. § 6532.[9]

---

[9] *Readhead Management, Inc. v. The United States Virgin Islands, et al.*, Civil No. 2010-55, Memorandum Opinion, n. 4 (D.V.I. filed March 31, 2011).

*Ji v. The United States Virgin Islands, et al.*
Civil No. 10-44
Page 7 of 9

Thus, based on the Court's conclusions in *Redhead Management, Inc.,* plaintiff's filing of the proposed amended complaint more than six months after the commencement of the action does not cure the jurisdictional defect under 26 USC § 7422(a). Further, the claims in the proposed amended complaint do not constitute new and independent actions because plaintiff seeks the same refunds he sought in the original complaint.

Accordingly, this Court does not have jurisdiction of the action to adjudicate plaintiff's claims for carryback refunds for the 2005 and 2007 tax years. This is so because under 26 USC § 7422(a), as a prerequisite to filing his action, plaintiff had to have filed his claims for refunds with the BIR. Plaintiff's 2005 and 2007 Form 1045 applications for tentative refunds do not constitute claims for refunds, and plaintiff commenced this action before he filed his 2005 and 2007 Form 1040X claims for carryback refunds with the BIR in violation of 26 USC § 7422(a). As such, it would be futile to grant plaintiff's motion to amend the complaint to assert claims for these carryback refunds.

## 2. Substitution of the Actual 2009 Form 1040 for the Estimated 2009 Form 1040

Plaintiff's estimated 2009 Form 1040 was filed with the BIR in March 2010, and his actual 2009 Form 1040 on October 5, 2010. On May 12, 2010, plaintiff initiated this action based on the estimated form. Assuming that plaintiff's estimated 2009 Form 1040 constitutes a claim for refund, plaintiff's action was filed two

*Ji v. The United States Virgin Islands, et al.*
Civil No. 10-44
Page 8 of 9

months after the estimated 2009 Form 1040 was filed and before the expiration of the six-month waiting period mandated in 26 USC § 6532(a)(1). Accordingly, the Court does not have jurisdiction to hear plaintiff's action for refund based on his estimated 2009 Form 1040 because the six-month waiting period had not elapsed before plaintiff filed this action.

Further, even if plaintiff's action for refund is based on his actual 2009 Form 1040, that form was filed on October 5, 2010, five months after plaintiff filed this action. Under 26 USC § 7422(a), because plaintiff filed this action before he filed his claim for refund, this Court does not have jurisdiction of his action for refund of his 2009 taxes. Accordingly, it would be futile to grant plaintiff's motion to amend the complaint to substitute the actual 2009 Form 1040 for the estimated 2009 Form 1040 because, consistent with *Redhead Management, Inc.,* the proposed amendment would not cure the jurisdictional defect.

### 3. Stylistic and Clerical Errors

Plaintiff may amend the complaint to correct typographical errors and to make stylistic changes.

### D. CONCLUSIONS

For the foregoing reasons, it is hereby

ORDERED that plaintiff's motion to amend the complaint to correct typographical errors and to make stylistic changes is GRANTED; and it is

*Ji v. The United States Virgin Islands, et al.*
Civil No. 10-44
Page 9 of 9

RECOMMENDED that plaintiff's motion to amend the complaint to assert claims for carryback refunds for tax years 2005 and 2007, and to substitute his actual 2009 Form 1040 for the estimated 2009 Form 1040, be DENIED.

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. Section 636(b)(1)(B); LRCi 72.3.

S\_____
**RUTH MILLER**
United States Magistrate Judge